1  DAVID G. TORRES-SIEGRIST State Bar No. 220187
2  TORRES│SIEGRIST
   225 S. Lake Avenue
3  Suite 300
   Pasadena, CA 91101
4  Phone:      (626) 432-5460
5  Facsimile:  (626) 446-8927
   *dgts@icloud.com*
6

7

8  **Attorneys for Plaintiff, ROANN CELIS-CAPISTRANO, an individual**

9

10                **UNITED STATES DISTRICT COURT**
11
                        **CENTRAL DISTRICT**
12

13

| | |
|---|---|
| ROANN CELIS-CAPISTRANO, an individual | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **VIOLATIONS OF FEDERAL COPYRIGHT LAW** |
| ELAINE ANGELICA LINGA, an individual and also doing business as INVESTED LIFESTYLE and SIMPLYDRIVENLIFE and Does 1-50 | 2. **UNFAIR COMPETITION CAL. BUS. & PROF. CODE §§ 17200, ET SEQ. AND COMMON LAW** |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

1
**COMPLAINT**

# INTRODUCTORY STATEMENT

1. The following lawsuit involves the intentional and continued infringement of Copyrighted Work owned by Plaintiff ROANN CELIS-CAPISTRANO.

2. Plaintiff is an established and well-regarded financial expert from the Republic of the Philippines who regularly posts to the You Tube platform where she has tens of thousands of followers.

3. Over the span of many years, Plaintiff, through her education, experience, talent, and creativity has developed with her hard work a following and social media presence using the You Tube platform.

4. Defendant, ELAINE ANGELICA LINGA, an internet imitator, has intentionally stolen and infringed upon Plaintiff's Copyrighted Work believing that distance created by a vast ocean would somehow insolate her from Copyright infringement: a crime in the Republic of Philippines wherein a warrant for arrest has been issued by the Philippine Government.

5. After exhausting all extrajudicial efforts to have Defendant LINGA cease and desist the aforementioned Copyright Infringement, Plaintiff brings this lawsuit to protect her intellectual property rights.

# PARTIES

6. At all times Plaintiff, ROANN CELIS-CAPISTRANO, was and is an individual residing within the Republic of the Philippines.

7. At all times mentioned herein, Defendant ELAINE ANGELICA LINGA, (hereinafter "LINGA"), was and is an individual residing in the County of Los Angeles doing business as INVESTED LIFESTYLE and SIMPLYDRIVENLIFE.

8. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend its Complaint to allege their true

names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of these fictitiously named Defendants participated or acted in concert with Defendants and is/are responsible in some manner for the acts, occurrences and/or omissions alleged herein and has thereby proximately caused damages to Plaintiff and is liable by reason of the facts alleged herein.

9. That at all times herein mentioned, each and every defendant herein was the agent, servant, employee, partner or joint venturer of the other defendants herein; that at all said times, each of said defendants was acting within the course and scope of said agency, service, employment, partnership and joint venture.

## JURISDICTION AND VENUE

10. The court has original jurisdiction of this action under 17 U.S.C. § 501, et seq., and 28 U.S.C. §§ 1338(a).

11. Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims occurred in this judicial district, and under 28 U.S.C. § 1400(b) in that it is a judicial district where defendant has committed acts of copyright infringement and had a regular and established place of business

## FACTS COMMON TO ALL CLAIMS

12. At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution, and/or display of her audiovisual multimedia work, on the following YouTube hyperlink: https://www.youtube.com/watch?v=q6-OzDOP9A0 (timestamp 8:36-10:04)., which is the subject of this action (referred to herein as the "Kaiser

International 3-in-1 Investment (2022)" Video") throughout the United States and world.

13. Defendant LINGA on Dec 14, 2022, posted, without plaintiff's permission, Copyrighted Work on YouTube that infringes upon Plaintiff's Copyrighted material: contained on the following YouTube hyperlink: https://www.youtube.com/watch?v=-dyQzeMAuxc (timestamp from 18:25 to 19:23) and referred herein as "KAISER 3 IN 1 | Worst Insurance?!" video.

14. Numerous efforts were made on plaintiff's behalf to contact You Tube for purposes of having the unauthorized posting by Defendant LINGA deleted.

15. However, due to Defendant LINGA's misrepresentations to You Tube and her flagrant disregard for Plaintiff's Cease and Desist efforts, resort to litigation was inevitable.

16. As of the date of filing of this Complaint, Defendant LINGA's video remains active and available.

17. Plaintiff suffered severe losses because of Defendant LINGA's actions, and Defendant has profited from her work.

18. Defendant LINGA's video as of the signing of this Complaint has garnered 10,286 views, and business and attention that would have gone to Plaintiff and her business but for Defendant's wrongful acts.

19. Defendant LINGA's wrongful actions caused Plaintiff severe distress.

20. The experience detracted from Plaintiff's experience of sharing her work both psychologically and economically.

21. Because of Defendant LINGA's wrongful acts, Plaintiff had to focus all of her efforts on dealing with her work being taken, copied, and used without her permission.

22. Defendant LINGA and Does 1-50 continue to infringe the copyrights listed on Exhibit 1, and unless temporarily, preliminarily and permanently enjoined by

Order of this Court, will continue to infringe said copyrights, all to Plaintiff's irreparable injury.

23. As a result of Defendants' acts of infringement, Plaintiff is without an adequate remedy at law in that damages are difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

24. As a direct result of the conduct of Defendants, Plaintiff has suffered and continues to suffer damages in an amount to be determined.

25. Plaintiff was unable to realize profit from her work preparing the video, as attention for her work was overshadowed by the unauthorized copying of Defendants and use of their overwhelming corporate presence to take away from Plaintiff's own efforts.

26. Defendants have committed all of the aforesaid acts deliberately, willfully, maliciously and oppressively, without regard to Plaintiff's proprietary rights.

## FIRST CLAIM

### (Copyright Infringement Against All Defendants)

27. Plaintiff repeats and realleges the averments contained in paragraphs 1-26 as though fully set forth herein.

28. The above-described conduct by Defendants constitutes willful copyright infringement under the Copyright Act.

29. As a result of the above-described conduct by Defendants, Plaintiff has been damaged in an amount to be proven at trial.

30. By reason of the copyright infringement described above, Plaintiff is entitled to recover Defendants' profits to the extent the same are not included as part of Plaintiff's damages.

31. In the alternative, at the election of Plaintiff, Plaintiff is entitled to recover from Defendants statutory damages up to $150,000.00 per copyright infringed for Defendants' willful copyright infringement, plus attorneys' fees.

## SECOND CLAIM
(Unfair Competition Cal. Bus. & Prof. Code §§ 17200, et seq. and common law)
(Against All Defendants)

32. Plaintiff repeats and realleges the averments contained in paragraphs 1-31 as though fully set forth herein.

33. Section 17200 of the California Business and Professions Code prohibits unfair competition, including "any unlawful, unfair or fraudulent business act or practice . . . ."

34. By engaging in the alleged conduct, Defendants have engaged in unlawful, unfair, or fraudulent business acts of unfair competition in violation of

35. Sections 17200, et seq., and California common law. This conduct includes Defendant's unauthorized use of Plaintiff's copyrighted work.

36. As an actual and proximate result of Defendants' unfair competition,

37. Defendant LINGA and DOES 1-50 has unjustly enriched themselves among other things, obtaining profits, depriving Plaintiff of the compensation to which she is rightly entitled, and taking credit for Plaintiff's original work.

38. Plaintiff is thus entitled to restitution of such sums in an amount to be proved at trial.

**WHEREFORE, PLAINTIFF PRAYS AS FOLLOWS:**

1. For an Order enjoining Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the

pendency of this action and permanently thereafter from:

(a) infringing, or contributing to or participating in the infringement by others the copyright in the "KAISER 3 IN 1 | Worst Insurance?!" video or acting in concert with, aiding and abetting others to infringe said copyright in any way;

(b) copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of the "KAISER 3 IN 1 | Worst Insurance?!" to which Plaintiff is owner of exclusive rights under the respective copyrights or derivative works based thereon;

2. That Defendants be required to account for and pay over Plaintiff the actual damages suffered by Plaintiff as a result of the infringement and any profits of the Defendants attributable to the infringement of Plaintiff's copyright or exclusive rights under copyright and to pay such damages to Plaintiff as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiff's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504;

3. That Defendants be permanently enjoined from all further infringement of Plaintiff's work: "KAISER 3 IN 1 | Worst Insurance?!" video

4. For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law;

5. For an award of attorneys' fees pursuant to 17 U.S.C. § 505;

6. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

///
///
///

7. For such other and further relief as the Court deems just and proper.

Date: January 31, 2023

By:_____
**DAVID G. TORRES-SIEGRIST**
**Attorneys for Plaintiff**

## DEMAND FOR JURY TRIAL

Additionally, Plaintiffs respectfully demands a jury trial of the present case pursuant to the U.S. Constitution, the California Constitution and applicable California State and Federal Law.

Date: January 31, 2023

By:_____
**DAVID G. TORRES-SIEGRIST**
**Attorneys for Plaintiff**